IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TYRELL ANDERSON | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. AMD-05-2851 |
| SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES | : : | |
| Defendant | : | |

...o0o...

MEMORANDUM

In a multitude of claims asserted in this civil rights action, plaintiff alleges he was denied access to court, transferred for retaliatory purposes, assaulted, and subjected to disciplinary proceedings without cause. Paper No. 1. Now pending is defendant's motion to dismiss or for summary judgment. Paper No. 11. Plaintiff has filed an opposition to the motion. Paper No. 13. The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D.Md. 2004). For the reasons that follow, defendant's motion, construed as a motion for summary judgment, shall be granted.

I.

Some of plaintiff's claims have already been litigated in this court. Specifically he claims that: (1) on September 18, 2003, he was assaulted; (2) on December 30, 2003, he received a fraudulent infraction; (3) on January 21, 2004, he was transferred for retaliatory purposes; and (4) from October 2003 through November 2003 he was denied access to courts because he was confined to segregation. Paper No. 1. These identical claims were raised by plaintiff previously, summary

judgment was granted in favor of defendants, and, under principles of *res judicata*,[1] they may not be raised anew.  *See Anderson v. Warden, et al.*, Civil Action No. AMD-03-3342 (D. Md. 2003), and *Anderson v. Nutter, et al.*, Civil Action No. AMD-04-2497 (D. Md. 2004).

II.

Plaintiff also seeks relief in respect to the following fresh claims: (1) on December 3, 2002, he received a fraudulent infraction and remained on segregation until December 6, 2002, even though the infraction was dismissed; (2) on December 7, 2002, he received another fraudulent infraction; (3) on June 25, 2003, he was transferred from his housing unit in retaliation for filing an Administrative Remedy Procedure (ARP) request; (4) on July 8, 2003, he was not called out of his cell to go to the library and the next day his privileges were suspended; (5) an ARP he filed regarding suspension of library privileges was found meritorious in part resulting in an agreement permitting plaintiff to transfer money from his active account to his commissary account; (6) on August 22, 2003, merchandise he ordered was returned to the company because he was on segregation at the time; (7) on September 4, 2003, five dollars worth of plaintiff's "canteen tickets" were taken but the incident was not reported; and (8) on September 17, 2003, he was assaulted.

A.

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be

---

[1] *See Montana v. United States*, 440 U. S. 145, 153 (1979) (final judgment on the merits bars subsequent claims by the parties based on the same cause of action).

resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *See Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact

3

issue.'"  *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

B.

The only named defendant in the complaint is Secretary Saar, who is not alleged to have been personally involved in any of the acts or omissions upon which plaintiff's claims are based. Accordingly, the claims as they pertain to this defendant are based on vicarious liability, otherwise known as the doctrine of *respondeat superior*.  The law is well established that the doctrine of *respondeat superior* does not apply in civil rights claims filed pursuant to 42 U.S.C. § 1983. *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital*, 774 F.Supp. 986, 990 (E.D.Va. 1991). Plaintiff's claims against Secretary Saar plainly fail.

Even if this court were to construe the complaint as having been filed against appropriate personnel, it is apparent that plaintiff cannot prove that the actions described in his complaint form the basis for any cognizable constitutional claims. First, plaintiff alleges he suffered no injury as a result of the conduct alleged, but to sustain a constitutional claim, a non-trivial injury is required. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Paul v. Davis*, 424 U.S. 693, 712 (1976); *Strickler v. Waters*, 989 F.2d 1375, 1380-81 (4th Cir. 1993); *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997). *Cf. Lewis v. Casey*, 518 U.S. 343, 355 (1996).

With respect to plaintiff's claims of denial of access to courts, he fails to specify any actual

harm, such as a missed deadline or an inability to pursue a meritorious claim. "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) *quoting Lewis*, 518 U.S. at 355.  His assertion that his name was not called to go to the library on one day and that his privileges were suspended on the next falls far short of establishing the burden required.

Plaintiff's claims that he received fraudulent notices of infraction, was transferred, or remained on segregation status after infractions were dismissed for retaliatory reasons are belied by the records submitted by defendant.  Notwithstanding plaintiff's failure to specify why the notices of infraction were fraudulent, defendant has provided a record of plaintiff's institutional disciplinary record reflecting that between December 3, 2002, and September 17, 2005, he received 19 infractions. Paper No. 11 at Ex. 1.  On 10 occasions plaintiff was found guilty of the infraction charged. *Id*. at pp. 1–2, 4– 5, 7– 8, 10– 12 and 17.  For six of the notices of infraction plaintiff was found not guilty. *Id*. at pp. 3, 9, 15– 16 and 18– 19.  The remaining three infractions were reduced to incident reports. *Id*. at pp. 6 and 13– 14.

On the occasion plaintiff claims he was improperly left on disciplinary segregation status after the notice of infraction was dismissed, the records establish that plaintiff was removed from segregation in a timely manner. *Id*. at p. 19.  Plaintiff received a notice of infraction on December 3, 2002, received a hearing on December 6, 2002, where he was found not guilty, and the following day was removed from disciplinary segregation. *Id*.  To the extent that the alleged fraudulent infractions were among those for which plaintiff was found not guilty or were reduced to incident reports, there is no cognizable injury stated. In light of plaintiff's poor adjustment history and the

lack of any evidence that the notices of infraction were written for purposes of retaliation or harassment, the claim is merely conclusory and is plainly insufficiently alleged. *See Adams v. Rice*, 40 F. 3d 72, 74 (4th Cir. 1994).

Plaintiff's claim that five dollars worth of canteen tickets were stolen or missing is a deprivation of property claim that does not state a federal constitutional claim. In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2]

Plaintiff claims he was assaulted on September 17, 2003, because he complained that he was not let out of his cell for recreation after a previously-imposed cell restriction had been lifted. Paper No. 11 at Ex. No. 4.[3] Plaintiff asserts that when he tried to explain the error correctional staff became verbally abusive, grabbed him, and put him in handcuffs. *Id*. Plaintiff's ARP claim was found meritorious to the extent that he was not on cell restriction and should have been let out of his cell for recreation. *Id*. There was no evidence, however, that plaintiff was assaulted by *prison staff*. *Id*. Assuming that plaintiff was "assaulted" as described, he has again failed to allege a cognizable injury. Paper No. 1 at p. 4.

---

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

[3] The complaint does not provide specifics regarding the alleged assault. Defendant, however, has provided this court with an ARP request written by plaintiff describing the alleged assault occurring on the same date.

III.

Plaintiff having failed to allege any constitutional injury, the court concludes that defendant is entitled to judgment as a matter of law.  A separate order follows.


Filed: May 24, 2006                                  ___/s/_____
                                                                          Andre M. Davis
                                                                          United States District Judge